87 P.3d 1221 (2004)
STATE of Washington, Respondent,
v.
Edward Lamario CONLEY, Appellant.
No. 20589-4-III.
Court of Appeals of Washington, Division 3, Panel Five.
April 20, 2004.
*1222 Robert J. Thompson, Attorney at Law, Pasco, WA, for Appellant.
David W. Corkrum, Deputy Prosecuting Attorney, Pasco, WA, for Respondent.
SCHULTHEIS, J.
Under former RCW 9.94A.120(4) (1999), a person convicted of first degree assault with force likely to cause death was subject to a mandatory minimum sentence of five years. Such offenders were not eligible for earned early release time during that minimum term. Former RCW 9.94A.120(4).
Edward Conley pleaded guilty to one count of first degree assault and received a standard range sentence of 102 months. Later, he moved to withdraw his guilty plea when he discovered that he was not entitled to earn early release credits for the first five years of his sentence. His motion to withdraw was denied and he now appeals, contending the failure to inform him of the mandatory minimum sentence and the unavailability of earned early release credit rendered his plea involuntary. We find that the trial court and trial counsel misinformed Mr. Conley as to the consequences of his plea. However, we also find that the error did not materially affect his decision whether to plead. Consequently, we affirm.

FACTS
In January 2000, 18-year-old Edward Conley and companions assaulted a man. According to his companions, Mr. Conley shot the victim in the stomach. Mr. Conley claimed one of the other men did the shooting. The State charged Mr. Conley with one count of first degree assault, RCW 9A.36.011(1)(c). In exchange for his agreement to plead guilty, the State agreed to recommend a sentence of 102 monthsthe low end of the standard rangealong with 24 months of community placement and the payment of court costs.
During sentencing, the court advised Mr. Conley that first degree assault is a most serious offense that counts as one strike for the purposes of the three strikes law. Mr. Conley agreed that no one had made any promises to him other than the State's promise to recommend the low end of the standard range sentence. After the court accepted Mr. Conley's guilty plea, the defense attorney asked for a two-day furlough so Mr. Conley could marry his pregnant fiancée. Defense counsel explained that Mr. Conley was very young and was looking at seven to eight years of actual incarceration, counting earned early release. The court denied the request for furlough and sentenced Mr. Conley pursuant to the State's recommendation.
Less than a year later, Mr. Conley moved to withdraw his guilty plea. His trial counsel submitted an affidavit stating that Mr. Conley had been reluctant to plead guilty, but was convinced by counsel that he would be eligible for a 15 percent earned early release credit for the years he was sentenced. Later, Mr. Conley learned that, pursuant to former RCW 9.94A.120(4), he would not earn early release credit during the first five years of his sentence. He argued that he received inadequate assistance of counsel that resulted in his entering a plea involuntarily. On September 26, 2001, the trial court entered an order denying Mr. Conley's motion to withdraw the guilty plea. This appeal followed.

VOLUNTARINESS OF THE GUILTY PLEA
Mr. Conley contends he is entitled to withdraw his guilty plea because he was not advised that he faced a mandatory minimum sentence of five years or that he could not earn early release credits during those five years. He asserts that the effect of this *1223 failure to inform him of the consequences of his plea was that he entered the plea involuntarily.
Under CrR 4.2(f), a defendant must be allowed to withdraw a guilty plea if it appears that the withdrawal is necessary to correct a manifest injustice. Mr. Conley bears the demanding burden of proving a manifest injustice, which has been defined as injustice that is obvious and overt. State v. Ross, 129 Wash.2d 279, 283-84, 916 P.2d 405 (1996); State v. Taylor, 83 Wash.2d 594, 596, 521 P.2d 699 (1974). Four nonexclusive factors that may establish manifest injustice include: (1) the defendant was denied effective assistance of counsel; (2) the plea was not ratified by the defendant; (3) the plea was involuntary; or (4) the plea agreement was breached by the prosecutor. State v. Wakefield, 130 Wash.2d 464, 472, 925 P.2d 183 (1996). We review the trial court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. State v. S.M., 100 Wash.App. 401, 409, 996 P.2d 1111 (2000).
Mr. Conley's arguments focus on ineffective assistance of counsel and the involuntariness of the plea. In either case, the question is whether he entered the plea agreement with a correct understanding of the consequences of his plea. State v. McDermond, 112 Wash.App. 239, 244, 47 P.3d 600 (2002). The traditional rule is that a defendant who is pleading guilty must be informed of each direct consequence but need not be informed of each collateral consequence. Id. at 245, 47 P.3d 600 (citing State v. Ward, 123 Wash.2d 488, 512, 869 P.2d 1062 (1994)). Direct consequences are those that have a "`definite, immediate and largely automatic'" effect on a defendant's sentence range. State v. Barton, 93 Wash.2d 301, 305, 609 P.2d 1353 (1980) (quoting Cuthrell v. Director, 475 F.2d 1364 (4th Cir.1973)), quoted in McDermond, 112 Wash.App. at 244, 47 P.3d 600. One recognized direct consequence of a guilty plea is any resulting mandatory minimum sentence. McDermond, 112 Wash.App. at 244-45, 47 P.3d 600. Collateral consequences are ancillary results that do not alter the standard of punishment, such as sex offender registration, deportation, habitual criminal proceedings, and parole revocation. Id. at 245, 47 P.3d 600.
According to McDermond's analysis of the plurality opinion in State v. Oseguera Acevedo, 137 Wash.2d 179, 970 P.2d 299 (1999), it is no longer enough to label the consequences of a guilty plea as direct or collateral, but it is also necessary to determine whether the defective advice concerning the consequence materially affected the defendant's decision to plead guilty. McDermond, 112 Wash.App. at 247, 47 P.3d 600. Whether or not the consequence of the plea was direct or collateral, "[i]f inaccurate advice about a consequence materially taints the defendant's decision, the plea should be set aside." Id. at 247-48, 47 P.3d 600; see also State v. Stowe, 71 Wash.App. 182, 187, 858 P.2d 267 (1993) (affirmative misrepresentation of even collateral consequences of a guilty plea may render a guilty plea involuntary).
In Mr. Conley's case, trial counsel asserts he did not inform Mr. Conley that he was subject to a mandatory minimum sentence of five years or that he would not be entitled to earned early release credit during those five years. Instead, he advised Mr. Conley that he would be entitled to earned early release credit of 15 percent for the entire period of his sentence. This misrepresentation of the consequences for pleading guilty to first degree assault establishes deficient performance on the part of defense counsel. In re Pers. Restraint of McCready, 100 Wash.App. 259, 263, 996 P.2d 658 (2000).
Additionally, the trial court misinformed and failed to inform Mr. Conley of the consequences of his plea. In the statement on plea of guilty signed by Mr. Conley, the court crossed out the section that begins "The crime of _________ has a mandatory minimum sentence of at least ________ years of total confinement. The law does not allow any reduction of this sentence." Clerk's Papers (CP) at 7. Although the trial court told Mr. Conley first degree assault counts as a strike for the purposes of the three strikes law, nothing in the record indicates that Mr. Conley was ever advised that he faced a mandatory minimum sentence. On the contrary, by *1224 crossing out the mandatory minimum sentence section of the statement on plea of guilty, the court misrepresented a direct consequence of the plea. State v. Johnston, 17 Wash.App. 486, 490, 564 P.2d 1159 (1977) (the accused must be informed that a mandatory minimum term is a direct consequence of a guilty plea).
Further, the statutory prohibition against earned early release credit for the period of the mandatory minimum sentence had a definite, immediate, and automatic effect on the range of Mr. Conley's sentence. Barton, 93 Wash.2d at 305, 609 P.2d 1353. While the early release credits themselves are discretionary with the Department of Corrections and the mere potential to earn them does not constitute a direct consequence of a plea (see Johnston, 17 Wash.App. at 493, 564 P.2d 1159), the total prohibition of earned early release credits during the mandatory minimum sentence period is automatic. The court had a duty to inform Mr. Conley of this direct consequence of his plea. CrR 4.2(d) (the court shall not accept a guilty plea without first determining that it is made voluntarily and with an understanding of the consequences of the plea); In re Pers. Restraint of Ness, 70 Wash.App. 817, 822, 855 P.2d 1191 (1993).
Having established that both defense counsel and the trial court misinformed or failed to inform Mr. Conley of the consequences of his guilty plea, we next must ask whether the misinformation materially affected his decision to plead guilty. McDermond, 112 Wash.App. at 248, 47 P.3d 600.[1] Due to his offender score, the presumptive range he faced for first degree assault (102 to 136 months), and the prosecutor's agreement to recommend 102 months, we can assume that Mr. Conley expected a sentence longer than the mandatory five-year minimum of former RCW 9.94A. 120(4). Consequently, the failure to inform him of the mandatory minimum sentence likely did not affect his decision to plead guilty. A different question, however, is whether it is reasonably probable that the inability to earn early release credits during those five years would have discouraged Mr. Conley from pleading guilty to first degree assault. See State v. Cox, 109 Wash.App. 937, 941, 38 P.3d 371 (2002).
Mr. Conley's trial counsel asserts that "Mr. Conley wanted to go to trial but when I informed him of the good time, he decided to plead." CP at 14. Generally a defendant's (or his trial counsel's) self-serving statement is insufficient alone to sustain the burden of proof as to prejudice. Cox, 109 Wash.App. at 941-42, 38 P.3d 371. The statement must be corroborated independently by objective evidence, if possible. Id. (quoting In re Alvernaz, 2 Cal.4th 924, 938, 830 P.2d 747, 8 Cal.Rptr.2d 713 (1992)). Mr. Conley offers no corroborating evidence that the potential for earned early release credits convinced him to plead guilty. In fact, the State presents evidence of a letter sent to defense counsel during plea negotiations in which the State advised that if Mr. Conley did not accept the plea offer, the information would be amended to include a firearm enhancement that would add another five years to the presumptive sentence. With the very real possibility that a trial conviction could result in over a 13-year sentence, Mr. Conley's assertion that he would have declined to plead guilty if he had known he could not earn early release credits for the first five years is not reasonable.[2]
On balance, we find that Mr. Conley's allegation of prejudice is too tenuous. Accordingly, *1225 we conclude that although defense counsel and the trial court misrepresented or failed to inform Mr. Conley of the consequences of his guilty plea, the errors did not materially affect his decision whether to plead. McDermond, 112 Wash.App. at 248, 47 P.3d 600. The trial court's order denying his motion to vacate the guilty plea is affirmed.
WE CONCUR: KURTZ and BROWN, JJ.
NOTES
[1] McDermond suggests that an intervening question is whether the misinformation could have materially affected the defendant's decision to plead. The court held that this legal question reflects that some consequences are so collateral that the law will presume that they did not affect the defendant's decision. 112 Wash.App. at 248, 47 P.3d 600. In our opinion, this question is adequately covered by the examination of the evidence to support the defendant's assertion that the defective advice materially affected his or her decision whether to plead guilty. If a consequence is obviously minor, it will not materially affect the defendant's decision.
[2] Additionally, it should be noted that Mr. Conley would not be eligible for earned early release credits for the period of the firearm enhancement. Former RCW 9.94A.-150(1) (1999).