IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32286-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL S. BICKLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Paul Bickle challenges the sentence imposed after he pleaded guilty, arguing that the trial court violated the appearance of fairness doctrine. We affirm.

FACTS

In March 2010, Paul Bickle went on a crime spree involving multiple thefts and burglaries in Lewis County. Mr. Bickle got away and continued his crime spree in Whitman County. After executing a search warrant of Mr. Bickle's Whitman County residence, law enforcement discovered property that connected Mr. Bickle to the Lewis County crimes. Following his arrest in Whitman County, Lewis County charged Mr. Bickle with two counts of theft of a motor vehicle, one count of theft in the first degree, one count of theft in the second degree, and one count of second degree burglary.

Mr. Bickle agreed to plead guilty to the charges. In exchange, the Lewis County prosecutor agreed to recommend a sentence that would run concurrent to the one that Mr. Bickle was already serving from Whitman County. In his Statement of Defendant on Plea of Guilty, Mr. Bickle acknowledged that he knew that the court did not have to follow anyone's sentencing recommendations. He also acknowledged that he was not promised anything else in exchange for pleading guilty and that he was not threatened or otherwise coerced into pleading guilty. At the plea hearing, the court reiterated and re-obtained Mr. Bickle's acknowledgement that the court was not bound by anyone's sentencing recommendation. The court then accepted the guilty plea.

The court then sentenced Mr. Bickle to the high end of the standard range as recommended by the parties. However, the court rejected the State's recommendation for the sentence to be served concurrently with the Whitman County sentence. Upon hearing that he would be serving consecutive sentences, Mr. Bickle interrupted the proceeding and tried to withdraw his guilty plea. The court responded, "I don't want to hear another word out of you. If you do, we will figure out a way to make it longer." Report of Proceedings (Feb. 16, 2011) at 15.

Mr. Bickle subsequently filed a CrR 7.8 motion to withdraw his guilty plea, alleging that he did not voluntarily plead guilty. Mr. Bickle claimed that his counsel promised him that the court would agree to the recommendation, that the jail guard threatened him into pleading guilty, and that the judge's threat to increase the sentence

2

was coercive. At the hearing on the motion, Mr. Bickle also claimed that his lawyer told him that the court did not have the power to give him a different sentence.

The court rejected these arguments as baseless and contradicted by the Statement of Defendant on Plea of Guilty. Mr. Bickle thereafter timely appealed to this court.

## ANALYSIS

Mr. Bickle raises three issues on appeal. He first argues that the sentencing court violated the appearance of fairness doctrine when it responded to his outburst during sentencing. He next argues that the lower court abused its discretion when it denied his CrR 7.8 motion. Finally, he argues that counsel provided ineffective assistance during the plea stage. We address each of these arguments in turn.

Mr. Bickle failed to raise the first issue at the court below. Thus, we review this issue only for a manifest error affecting a constitutional right. RAP 2.5(a)(3).

The appearance of fairness doctrine has its roots in the due process and fair trial provisions of the United States Constitution. *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955). However, Mr. Bickle has failed to prove that the judge's threat violated the appearance of fairness doctrine.

The appearance of fairness doctrine asks whether "a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing." *State v. Gamble*, 168 Wn.2d 161, 187, 225 P.3d 973 (2010). Although the judge became short with Mr. Bickle after his outburst, the circumstances of the

3

hearing were not such that a disinterested observer would have believed that Mr. Bickle did not receive a fair, impartial, and neutral hearing.

The threat did not occur until *after* Mr. Bickle had received his sentence and interrupted the hearing. Until that point, the judge (and the hearing in general) had been nothing but cordial. "This statement showed some agitation no doubt. Above all, it showed that a judge is a human being, not the type of unfeeling robot some would expect the judge to be. Such a passing display of exasperation . . . falls far short of a reasonable cause for disqualification for bias or prejudice." *Keppel v. BaRoss Builders, Inc.,* 7 Conn. App. 435, 444, 509 A.2d 51 (1986). Thus, without more evidence of a bias against Mr. Bickle personally, we cannot conclude based on a single short-tempered statement that the judge violated the appearance of fairness.

Mr. Bickle next argues that the lower court erred when it denied his CrR 7.8 motion. This court reviews a decision on a CrR 7.8 motion for abuse of discretion. *State v. Hardesty,* 129 Wn.2d 303, 317, 915 P.2d 1080 (1996). Because Mr. Bickle's argument is based on his bare assertions of coercion and promises, despite earlier statements to the contrary, we reject his argument. A defendant's denial of being coerced or promised anything during a plea hearing is, although not conclusive, highly persuasive evidence against a later claim of coercion and false promises. *State v. Osborne,* 102 Wn.2d 87, 97, 684 P.2d 683 (1984) ("More should be required to overcome this 'highly persuasive' evidence of voluntariness than a mere allegation by the defendant.").

4

No. 32286-6-III
*State v. Bickle*

Mr. Bickle's last argument involves a claim of ineffective assistance of counsel. An ineffective assistance claim requires the defendant bear the burden of showing that his counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In support of his argument, Mr. Bickle relies on his same baseless assertions that his counsel misrepresented the sentencing court's ability to give him a consecutive sentence. Generally, a defendant's self-serving statement alleging ineffective assistance is insufficient by itself to overcome the presumption of effective assistance. *State v. Conley*, 121 Wn. App. 280, 287, 87 P.3d 1221 (2004). Accordingly, Mr. Bickle has failed to establish his counsel's deficient performance.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

5