**FILED**
**APRIL 4, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 33221-7-III |
| | ) | (consolidated with |
| DAMIAN T. JOHNSON | ) | No. 33633-6-III) |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

PENNELL, J. — Damian Johnson was convicted of first and second degree assault.

A 60-month mandatory minimum sentence was imposed on the first degree assault

conviction based on judicial findings that had not been submitted to the jury. Because the

imposition of a mandatory minimum sentence in such circumstances violated Mr.

Johnson's constitutional rights, we grant relief from this sentence as requested in Mr.

Johnson's personal restraint petition. All other claims are denied.

No. 33221-7-III; 33633-6-III
*In re Pers. Restraint of Johnson*

BACKGROUND

The facts of this case are set forth in our opinion addressing Mr. Johnson's direct appeal. *See State v. Johnson*, No. 32014-6-III (Wash. Ct. App. Dec. 2, 2014) (unpublished), http://www.courts.wa.gov/opinions/pdf/320146.unp.pdf. Our prior opinion affirmed Mr. Johnson's conviction, but remanded for resentencing. On remand, Mr. Johnson was resentenced to 161 months of confinement for the first degree assault conviction with a 60-month firearm enhancement, and 29 months of confinement for the second degree assault conviction with a 36-month firearm enhancement. His total term of confinement is 257 months. The term of confinement for the two assault convictions runs concurrently, with the two firearm enhancements running consecutively. The amended judgment and sentence also indicates Mr. Johnson was subject to a 60-month mandatory minimum for the first degree assault charge under RCW 9.94A.540(1)(b).

At his resentencing on March 24, 2015, Mr. Johnson orally made a CrR 7.8(b)(2) motion for a new trial, followed two days later with the filing of a written motion. The trial court ultimately ordered that the motion be transferred to this court, pursuant to CrR 7.8(c)(2), for consideration as a personal restraint petition. Mr. Johnson attempted to appeal the trial court's transfer order. After that appeal was referred to the commissioner to determine appealability, Mr. Johnson filed a motion to dismiss. On June 18, 2015, the

2

commissioner granted the dismissal motion in a notation ruling. Mr. Johnson then filed a second personal restraint petition on July 20, 2015. Shortly thereafter, the two petitions were consolidated for review. On January 22, 2016, Mr. Johnson filed a separate motion seeking an evidentiary hearing regarding his claims.

## ANALYSIS

*Imposition of mandatory minimum sentence*

Mr. Johnson was convicted of first degree assault and a 60-month mandatory minimum was imposed by the trial court. For a mandatory minimum to apply to a first degree assault charge, the defendant must have "used force or means likely to result in death or intended to kill the victim." RCW 9.94A.540(1)(b). This mandatory minimum sentence does *not* automatically attach to any first degree assault conviction because the finding necessary to impose a mandatory minimum is different than the finding necessary for a conviction. *Compare* RCW 9.94A.540(1)(b) *with* RCW 9A.36.011(1); *see also State v. Dyson*, 189 Wn. App. 215, 223-28, 360 P.3d 25 (2015), *review denied*, 184 Wn.2d 1038 (2016) (explaining the distinction between the statutes). Crucial to this case, any additional facts necessary for the trial court to impose a mandatory minimum must be found by the jury. *See id.*; *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013). Here, the jury did not make any finding as to the imposition of

3

the mandatory minimum.

In light of the lack of jury findings, the State concedes that the sentencing court improperly imposed a mandatory minimum sentence. Nevertheless, because Mr. Johnson received a sentence in excess of the minimum term of 60 months, the State claims relief is improper because Mr. Johnson has not suffered any prejudice. Our ruling in *Dyson* holds otherwise. We follow *Dyson*. 189 Wn. App. at 228.

As was true in *Dyson*, Mr. Johnson was prejudiced by imposition of a 60-month mandatory minimum sentence because it hindered his ability to receive early release credits. *Id.*; *see also* RCW 9.94A.540(1)(b), (2). By including a mandatory minimum as part of Mr. Johnson's sentence, the trial court imposed a penalty harsher than what would otherwise have been sustained. Just as a sentence of life without the possibility of parole is more severe than a life sentence, *see Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), a sentence depriving a defendant from eligibility for early release time is harsher than one that leaves open this possibility.

Mr. Johnson's lost opportunity for early release time is not something that can be disregarded as merely a "collateral consequence." In the criminal context, a collateral consequence is a penalty "in addition to the penalties included in the criminal sentence." BLACK'S LAW DICTIONARY 369 (10th ed. 2014). Typically, a collateral consequence is

4

one imposed civilly, as a result of immigration law, property forfeiture, or professional licensing standards. *Id.* A direct consequence, in contrast, is one that has a "definite, immediate and automatic effect" on a defendant's sentence. *State v. Conley*, 121 Wn. App. 280, 286, 87 P.3d 1221 (2004). Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, the lost opportunity for early release credit is an automatic consequence of the trial court's decision to impose a mandatory minimum sentence. *Conley*, 121 Wn. App. at 286; RCW 9.94A.540(2). This makes the lost opportunity for early release credit a direct consequence of the conviction.

Because Mr. Johnson was harmed by the improper imposition of a mandatory minimum sentence, he is entitled to relief.

*Jury instructions*

Mr. Johnson advances two arguments with respect to jury instructions. One deals with his objection to the trial court's transferred intent instruction. This argument was rejected on direct appeal and Mr. Johnson has not established any reason for us to re-examine our prior decision. *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388-89, 972 P.2d 1250 (1999). The other argument deals with what Mr. Johnson characterizes as conflicting instructions regarding what constitutes a "deadly weapon" and what the State must prove to establish the defendant was "armed with a firearm." We find no conflict.

5

The deadly weapon definition applied to the elements of second degree assault. The firearm instruction pertained to the special verdicts.[1] The instructions correctly stated the law and made clear which definition pertained to which issue. Read as a whole, they are neither misleading nor confusing. We therefore reject Mr. Johnson's claims regarding instructional error.

*Remaining contentions*

Mr. Johnson alleges his conviction was tainted by prosecutorial misconduct as well as ineffective assistance of counsel. He also claims relief is warranted based on newly discovered exculpatory evidence. Mr. Johnson's arguments regarding misconduct by the prosecutor and defense counsel are largely conclusory, and thus insufficient to justify relief. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). Mr. Johnson criticizes the prosecutor's occasional use of leading questions as well as portions of closing argument. However, any errors appear to have been minor and defense counsel's failure to object would appear to be strategic. With respect to the allegation of newly discovered evidence, Mr. Johnson fails to show that the evidence was actually unknown or unknowable at the time of trial. For example, Mr. Johnson makes much of

---

[1] Because a firearm is defined as a deadly weapon per se, RCW 9.94A.825, the firearm instruction did not need to refer to the concept of a deadly weapon or its definition. *State v. Samaniego*, 76 Wn. App. 76, 882 P.2d 195 (1994).

6

an affidavit from Kelly Johnson which purported to supply him an alibi. However, Mr.

Johnson has not presented competent evidence suggesting defense counsel was unaware

of Kelly Johnson's potential testimony prior to trial.[2] *In re Pers. Restraint of Rice*, 118

Wn.2d 876, 885-86, 828 P.2d 1086 (1992). Accordingly, the allegedly new evidence

does not meet the criteria for relief either on its own, *In re Personal Restraint of*

*Faircloth*, 177 Wn. App. 161, 165-66, 311 P.3d 47 (2013) (newly discovered evidence

must have been unknown prior to trial), or based on ineffective assistance of counsel,

*State v. Byrd*, 30 Wn. App. 794, 799, 638 P.2d 601 (1981) (decision not to call a known

witness tactical).

Mr. Johnson requests an evidentiary hearing to elicit evidence that would shore up

his claims. However, a reference hearing "is not a discovery device to determine *if* there

is available evidence." *In re Pers. Restraint of Mendez Moncada*, 197 Wn. App. 601,

605, ___ P.3d ___ (2017) (emphasis added). Mr. Johnson has presented no evidence

defense counsel was aware of Ms. Johnson, and it is his burden to provide more than

speculative arguments. *Id.*; *In re Rice*, 118 Wn.2d at 885-86. The motion for an

---

[2] To the contrary, a May 30, 2013, report of proceedings appended to Mr. Johnson's petition confirms trial was postponed so that defense counsel could interview an alibi witness. Personal Restraint Petition, *In re Pers. Restraint of Johnson*, No. 33633-6-III, Appendix 7, at 5-9 (Wash. Ct. App. Jul. 20, 2015).

No. 33221-7-III; 33633-6-III
*In re Pers. Restraint of Johnson*

evidentiary hearing is denied.

## CONCLUSION

We vacate Mr. Johnson's first degree assault sentence and remand to the trial court

for resentencing without the mandatory minimum. All other arguments are rejected and

the motion for an evidentiary hearing is denied.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

I CONCUR:

Lawrence-Berrey, A.C.J.

8

33221-7-III (Consol. with 33633-6-III)

KORSMO, J. (dissenting) — For the reasons stated in my *Dyson* dissent, I continue to believe that any error here was harmless. *State v. Dyson*, 189 Wn. App. 215, 229, 360 P.3d 25 (2015) (Korsmo, J., dissenting). The Sixth Amendment jury trial right extends only to the "punishment" resulting from a jury finding—the minimum and maximum terms of incarceration, as well as monetary fines. *Id.* at 232. It does not extend to the consequences of punishment such as the opportunity to earn early release credits. The standard range here, as in every first degree assault case in this state, exceeds the mandatory minimum term created by RCW 9.94A.540(1)(b).

While that is sufficient to explain my reason for dissenting, the majority opinion also reasons that the potential loss of the opportunity for earned early release time is a direct consequence of the minimum term finding. RCW 9.94A.540(2). That fact is of no consequence in this context. The constitution itself does not protect the right to earn "good-time" credits. *In re Pers. Restraint of Lain*, 179 Wn.2d 1, 15, 315 P.3d 455 (2013) (citing authorities). When probation and release statutes create a right, it is one enforceable under the Fourteenth Amendment. *Id.* This, however, is a case involving error under the Sixth Amendment. Thus, other consequences of a conviction or sentence are of no consequence unless they also constitute "punishment" under the Sixth

No. 33221-7-III; 33633-6-III
*In re Pers. Restraint of Johnson*

Amendment jurisprudence. The loss of opportunity to earn early release credits is a collateral matter as far as the Sixth Amendment is concerned. It is of no consequence here.

The error was harmless. Accordingly, I dissent.

_____
Korsmo, J.