Filed
Washington State
Court of Appeals
Division Two

December 12, 2017

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49412-4-II |
| Respondent, | |
| v. | |
| NATHEN RYAN TERAULT, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Nathen Ryan Terault pleaded guilty to murder in the first degree and five counts of assault in the second degree. Terault argues that his guilty plea was invalid because the trial court failed to determine whether he understood the elements of the crimes and it failed to identify a factual basis for the plea. In a statement of additional grounds (SAG), Terault also alleges ineffective assistance of counsel. We affirm.

FACTS

On August 11, 2015, while fleeing from police, Terault shot and killed Richard Johnson. Terault then went to a nearby home and, after threatening the homeowner at gunpoint, stole an SUV. As he drove away in the stolen SUV, Terault fired at the homeowner's neighbors, another occupied vehicle, and pursuing police vehicles. Terault was later incapacitated and arrested after being hit by return gunfire from police and struck by a police vehicle.

The State charged Terault with one count of premeditated murder in the first degree, thirteen counts of assault in the first degree, and one count of each of: robbery in the first degree,

attempting to elude police vehicle, and unlawful possession of a firearm in the first degree. The State alleged that Terault was armed with a firearm during the assault and robbery offenses.

The State began a lengthy trial preparation process. It conducted extensive discovery and had at least 60 potential witnesses. Terault agreed to plead guilty in return for reduced charges. The State filed an amended information, which reduced Terault's charges to the following: one count of premeditated murder in the first degree, one count of robbery in the first degree, and five counts of assault in the second degree, two of which had firearm enhancements and three of which had deadly weapon enhancements.

Terault entered a written guilty plea. With respect to the murder charge, Terault's plea stated that "[u]nlawfully and feloniously, with premeditated intent to cause the death of another person, I caused the death of Richard Johnson." Clerk's Papers (CP) at 33. The written plea also acknowledged that Terault had received the amended information, and reviewed its contents with assistance of counsel. In a colloquy with the judge, Terault confirmed that he understood the amended information and the elements of the charged crimes. The trial court accepted the plea and sentenced Terault to a standard range sentence of 620 months. Terault appeals.

ANALYSIS

Terault argues that his guilty plea should be withdrawn because the trial court failed to determine whether he understood the elements of the crime and it failed to identify a factual basis for the plea.

I.    STANDARD OF REVIEW

A trial court may not accept a defendant's guilty plea unless it is knowing, intelligent, and voluntary. CrR 4.2(d); *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Whether a plea was

voluntary and intelligent is determined from the totality of circumstances. *Branch*, 129 Wn.2d at 642. The State bears the burden of showing that a guilty plea is valid. *Wood v. Morris*, 87 Wn.2d 501, 507, 554 P.2d 1032 (1976). Courts may look at a written plea statement as evidence that the defendant understood the charge. *In re Pers. Restraint of Ness*, 70 Wn. App. 817, 821, 855 P.2d 1191 (1993).

II.      GUILTY PLEAS MUST BE KNOWING, INTELLIGENT AND VOLUNTARY

CrR 4.2 governs guilty pleas by defendants.

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

CrR 4.2(d). This rule comports with due process requirements, which similarly require that all guilty pleas be knowing, voluntary, and intelligent. *Boykin*, 395 U.S. at 242-43; *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297-98, 88 P.3d 390 (2004). "A plea is not voluntary in the constitutional sense unless the defendant has adequate notice and understanding of the charges against him." *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 590, 741 P.2d 983 (1987). A plea that fails these criteria is invalid.[1]

---

[1] Arguing that his plea was constitutionally invalid, Terault asks us to vacate his judgment and sentence and remand his case for a new plea hearing. Separately, Terault argues that he should be allowed to withdraw his plea due to "manifest injustice," presumably referring to CrR 4.2(f). Br. of Appellant at 8; CrR 4.2(f) (courts may allow plea withdrawal "whenever it appears that the withdrawal is necessary to correct a manifest injustice."). However, Terault never moved to withdraw his plea. Even if Terault had filed a motion, manifest injustice would not be the correct standard. A party may only move to withdraw his or her plea under CrR 4.2(f) prior to judgment and sentence; post sentencing, withdrawal motions are governed by CrR 7.8.

The CrR 4.2(d) and due process mandates do not, however, require courts to review every element of each crime charged with the defendant.

> Apprising the defendant of the nature of the offense need not "always require a description of every element of the offense. . . ." At a minimum, however, it would appear that the defendant would need to be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime.

*State v. Holsworth*, 93 Wn.2d 148, 153 n.3, 607 P.2d 845 (1980) (internal citations omitted) (quoting *Henderson v. Morgan*, 426 U.S. 637, 647 n.18, 96 S. Ct. 2258, 49 L. Ed. 2d 108 (1976)). Furthermore, "notifying a defendant of the nature of the crime to which he pleads via an information creates . . . a presumption that the plea was knowing, voluntary, and intelligent." *Hews*, 108 Wn.2d at 596.

III.    THE TRIAL COURT DID NOT ERR IN ACCEPTING TERAULT'S GUILTY PLEA TO FIRST DEGREE MURDER

Terault primarily argues that because the record does not show that he understood the crime of premeditated murder in the first degree, his guilty plea could not have been knowing, intelligent, and voluntary.   Terault also argues the trial court erred in accepting his plea without first determining whether it was supported by an adequate factual basis.   We disagree with both arguments.

A.    VOLUNTARINESS

Terault first argues that because the trial court failed to determine if he understood the elements of premeditated murder in the first degree, it erred in accepting Terault's guilty plea.  We disagree.

Terault asserts that his "conclusory statement that that [sic] he acted 'with premeditated intent to cause the death of another person'" is inadequate to demonstrate that he understood the nature of the crime charged.  Br. of Appellant at 7 (quoting CP at 33).  He argues that the record

4

does not show that he understood both the elements of the crime and "the law in relation to the facts," which suggests Terault was unable to evaluate the strength of the State's case. Br. of Appellant at 8; *see State v. R.L.D.*, 132 Wn. App. 699, 705-06, 133 P.3d 505 (2006).

In this case, Terault received the amended information. That fact, his written plea statement, and the trial court's inquiry satisfy the CrR 4.2(d) and due process requirements for a valid plea. Terault submitted a signed plea agreement in which he acknowledged in writing that he had received the amended information and made his plea "freely and voluntarily." CP at 33. These acts support the plea's validity. As discussed above, Terault received adequate notice. His written statement included both the crimes charged and the necessary and essential elements. Terault's lawyer represented to the court that Terault was "making a knowing, voluntary and intelligent plea." Report of Proceedings (RP) (Aug. 11, 2016) at 3. The trial court then engaged in a colloquy to confirm the plea's validity:

> The Court: I have a ten page Statement of Defendant on Plea of Guilty . . . [d]o you have any questions about this document?
>
> The Defendant: No.
>
> The Court: Do you believe you understand it?
>
> The Defendant: Yes, sir.
>
> The Court: You understand you are now charged with . . . Murder in the First Degree[?]
>
> The Defendant: Yes.
>
> The Court: . . . The elements are contained in the Amended Information. Do you understand the elements?
>
> The Defendant: Yes, I do.

RP (Aug. 11, 2016) at 3-4.

This colloquy is constitutionally sufficient. Under *Holsworth*, the defendant need only "be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime." 93 Wn.2d at 153 n.3. A colloquy does not "always require[] a description of every element of the offense." *Henderson*, 426 U.S. at 647 n.18. When the defendant has received and read the information, and that information states the elements of each crime charged, the trial court is not required to repeat those elements directly to the defendant. In this case, because both the amended information and Terault's written plea statement contained the elements of the crime charged, the trial court was not obligated to discuss each element with Terault before accepting his guilty plea.

In attempting to argue that the colloquy was inadequate, Terault relies heavily on *State v. S.M.*, 100 Wn. App. 401, 415, 996 P.2d 1111 (2000) (invalidating guilty plea of rape of a child). In *S.M.*, this court determined that neither the defendant's simple "yes" response when asked if he understood the meaning of "sexual intercourse," nor a written plea admitting to "sexual contact," demonstrated that he understood penetration was a required element of the crime charged. 100 Wn. App. at 414-15. This case and *S.M.* are similar because both defendants gave one word answers confirming they understood the crime charged, and because the court did not walk through every element of the crime. *S.M.*, 100 Wn. App. at 414-15. The similarities end there.

*S.M.* is distinguishable because there the written plea statement failed to include the elements of the crime, while Terault's plea explicitly stated the elements. *S.M.*, 100 Wn. App. at 414-15. In context, Terault's reliance on *S.M.* is unpersuasive.

6

B. FACTUAL BASIS

Terault also argues that the trial court erred in accepting his guilty plea without first determining whether the plea had an adequate factual basis. CrR 4.2(d) states that the trial court "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Although Terault raises factual basis as a separate assignment of error, his brief contains almost no discussion of this issue. The analysis section of Terault's brief references factual basis only twice. The bald assertion that the trial court erred by not making a finding of fact for each element, without support to the law or to the record, is inadequate. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (reviewing court does not consider arguments not supported by authority). Because Terault does not support this argument with citations to the law, we do not consider it. RAP 10.3(a)(6); *Bosley*, 118 Wn.2d at 809.

Because the elements of the murder in the first degree charge were included in the amended information and Terault's plea statement, and because a factual basis existed for the plea, we conclude that Terault's guilty plea was knowing, voluntary, and intelligent.

IV. TERAULT FAILS TO DEMONSTRATE INEFFECTIVE ASSISTANCE OF COUNSEL

Terault separately filed a SAG asserting ineffective assistance of counsel. Terault argues that he received ineffective assistance because counsel "raised concerns that I was incompetent to stand trial . . . [but] no competency hearing was held." SAG at 1. On this record, Terault fails to demonstrate ineffective assistance of counsel.

To demonstrate ineffective assistance, Terault must show both that defense counsel's conduct was deficient and that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Performance is deficient if it falls below

an objective standard of reasonableness. Prejudice occurs where there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different. *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017).

Washington's statute on competency to stand trial states: "No incompetent person shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues." RCW 10.77.050. The competency standard for pleading guilty is the same as the competency standard for standing trial. *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 862, 16 P.3d 610 (2001). Adult defendants are presumed competent. *See* RCW 10.77.030(2). However, trial courts are instructed to order a competency evaluation and obtain a report on the defendant's mental condition "[w]henever . . . there is reason to doubt his or her competency." RCW 10.77.060(1)(a).

Terault seems to argue that his counsel was ineffective for failure to request a competency evaluation. Terault's argument fails because he can demonstrate neither deficient performance nor prejudice. There is no evidence in the record demonstrating "reason to doubt [Terault's] competency" to stand trial, RCW 10.77.060(1)(a), nor does Terault's SAG contain any additional assertions of fact on this topic. Our record contains only one mention of competency. That was a comment by counsel recognizing that the defense might raise competence if the case proceeded to trial. The record establishes that the defense considered raising competence as a potential litigation strategy; it provides no basis for evaluating whether a motion requesting a competency evaluation would have been successful. Because Terault offers no actual evidence of incompetence, he cannot show that his counsel's failure to petition the court for a competency hearing was deficient or fell below an objective standard of reasonableness. *In re Det. of Moore*, 167 Wn.2d 113, 122, 216 P.3d 1015 (2009).

Terault cannot demonstrate prejudice for the same reason. Without evidence of incompetence, there is no indication that but for his counsel's failure to raise the issue, "the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Merely filing a competency motion would be insufficient; the motion must be supported by a factual basis. *State v. Lord*, 117 Wn.2d 829, 901, 822 P.2d 177 (1991).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.