IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

               Respondent,

    v.

TSAI FEN LEE,

               Appellant.

No. 78512-5-I

DIVISION ONE

UNPUBLISHED OPINION

LEACH, J. —Tsai Fen Lee appeals her conviction for unlawful imprisonment. She claims her guilty plea was involuntary because the record does not contain sufficient factual support for this plea. We disagree and affirm.

BACKGROUND

Viewed in the light most favorable to the State, the record establishes these facts. Cassandra Mitchell is a yoga instructor who works in Seattle. Lee attended yoga classes at Mitchell's studio "over the past few years." Lee began harassing Mitchell using social media. Mitchell attempted to "block" Lee's accounts, but Lee would quickly create duplicate profiles and resume the harassment. Mitchell relied on social media to promote her business. Mitchell decided she could not simply ignore or avoid Lee's cyber harassment.

Lee posted personal and inflammatory messages. She accused Mitchell's boyfriend of being a "murderer" and mocked the stillbirth of Mitchell's daughter. Lee also sent messages professing love for Mitchell even though they never had any kind of

Citations and pin cites are based on the Westlaw online version of the cited material.

intimate relationship. Lee later began posting defamatory accusations on the social media pages of yoga studios where Mitchell taught. Mitchell obtained a protection order against Lee but the harassment continued. Mitchell reported at least 10 protection order violations by Lee to the police.

On January 22, 2016, Lee came to Mitchell's yoga studio and attempted to participate in a class. Lee had been repeatedly told by Mitchell and other employees that she was not allowed on the studio premises. After Mitchell called 911 to report this violation, Lee's harassment escalated. She began sending Mitchell death threats telling her "I will have to kill you before I go to jail." Mitchell lived in constant fear that Lee would carry out her threats of physical harm. Mitchell had to stop teaching yoga classes due to Lee's behavior.

Based on this conduct, the State charged Lee with one count of felony stalking. Pursuant to an agreement with the State, Lee pleaded guilty to the amended charge of unlawful imprisonment. Lee provided the following factual statement to express "in [her] own words" why she was guilty of the amended charge.

> I, Tsai Fen Lee, did, without intent to threaten, harm,
> frighten, or injure Cassandra Mitchell, knowingly prevented
> Cassandra Mitchell from leaving her yoga studio on or around
> March 27, 2016, in King County, Washington.

The trial court accepted Lee's guilty plea and sentenced her. Lee did not ask the trial court to allow her to withdraw her guilty plea. Lee timely appealed.

ANALYSIS

Lee claims her guilty plea was not voluntary because the record before the judge who accepted her plea did not contain sufficient evidence to show a factual basis for the plea. Specifically, Lee contends the record contains no evidence that she substantially

restricted Mitchell's movement, no evidence that she acted knowingly in restricting Mitchell's movement, and no evidence that Lee's intimidation caused any restriction in Mitchell's movement. We disagree.

Before a court accepts a plea of guilt, it must be satisfied that the plea is supported by a sufficient factual basis. This rule protects the defendant by ensuring the admitted facts actually satisfy the elements of the crime and that the defendant understands what she is pleading guilty to.[1] Our Supreme Court has defined a sufficient factual basis as the minimum evidence necessary for a jury to find guilt; the reviewing court itself need not be convinced of guilt beyond a reasonable doubt.[2] Sufficient evidence supports a jury verdict when, viewing the evidence in the light most favorable to the State, a rational juror could have found the essential elements of the crime proved beyond a reasonable doubt.[3] A factual basis can be established by "any reliable source," so long as the material relied upon is made part of the record at the time of the plea.[4] This means the court can rely on both the defendant's admissions and information supplied by the prosecution.[5]

A person commits the crime of unlawful imprisonment if they "knowingly restrain[] another person."[6] To "restrain" someone means to "restrict a person's movements without consent and without legal authority in a manner which interferes substantially

---

[1] CrR 4.2(d); State v. Arnold, 81 Wn. App. 379, 383, 914 P.2d 762 (1996).
[2] State v. Newton, 87 Wn.2d 363, 370, 552 P.2d 682 (1976); State v. Saas, 118 Wn.2d 37, 43, 820 P.2d 505 (1991).
[3] State v. Luther, 157 Wn.2d 63, 77-78, 134 P.3d 205 (2006).
[4] State v. Osborne, 102 Wn.2d 87, 95, 684 P.2d 683 (1984).
[5] State v. Powell, 29 Wn. App. 163, 167, 627 P.2d 1337 (1981).
[6] RCW 9A.40.040(1).

with his or her liberty."[7] Restraint occurs "without consent" if a person accomplishes it by either force, intimidation, or deception.[8]

Lee first claims the record includes no evidence she substantially restrained Mitchell. The State answers that Lee's own statement that she "knowingly prevented Cassandra Mitchell from leaving her yoga studio" provides sufficient evidence. Lee responds that this statement is insufficient because it does not show Mitchell could not have taken a different route or door to leave her studio. Evidence of a reasonable means of escape may be a defense to a charge of false imprisonment. But, this is a defense and not an element of unlawful imprisonment.[9] So, the State does not have to present evidence about the absence of a reasonable means of escape to provide sufficient evidence of restraint.[10] Lee's statement provides sufficient evidence of restraint.

Lee next claims that no evidence shows she acted knowingly. We disagree. In her statement quoted above, she says she acted knowingly.

Finally, Lee claims that evidence shows her intimidation of Mitchell caused the restraint. Lee correctly notes the State must show Lee accomplished Mitchell's restraint by either force, intimidation, or deception. The State makes no claim that Lee used force or deception. It contends that Lee's months of cyberstalking provide sufficient evidence of intimidation. Lee responds that her threats occurred after the unlawful

---

[7] RCW 9A.40.010(6).
[8] RCW 9A.40.010(6).
[9] State v. Dillon, 12 Wn. App. 2d 133, 145, 456 P.3d 1199, 1205-06 review denied, 195 Wn. 2d 1022, 464 P.3d 198 (2020).
[10] State v. Dillon, 12 Wn. App. 2d at 145.

4

imprisonment occurred and could not have caused an earlier event. But, as the State correctly notes, it need not rely on evidence of threats to prove intimidation, rather "a feeling of inferiority or timidness could constitute intimidation."[11]

Lee's cyberstalking and other behavior before the charged event caused Mitchell enough apprehension to motivate her to obtain a protection order. Even if Lee did not intend to intimidate Mitchell, a reasonable person would know that Lee's presence outside the yoga studio would intimidate Mitchell because she had obtained a protection order and she repeatedly asked Lee not to contact her. From this evidence, a rational jury could find beyond a reasonable doubt that Lee restrained Mitchell by intimidation.

Lee also suggests her plea was not voluntary because she did not understand the elements of unlawful imprisonment. The record does not support this claim. Her statement on plea of guilty states the elements of unlawful imprisonment are set forth in the amended information, which she has discussed with her lawyer. During a colloquy with the court about Lee's plea, she agreed an interpreter had read every word of the information to her. She also agreed she had an opportunity to have the interpreter and her lawyer answer any questions she had. Lee suggests the court was required to include in its colloquy a discussion of the elements of unlawful imprisonment to ensure she understood each element. Lee has not cited to any authority for this proposition. Washington State courts have held that a constitutionally adequate plea colloquy does not require the defendant admit each individual element of a crime.[12] "Apprising the

---

[11] State v. Avila, 102 Wn. App. 882, 889, 10 P.3d 486 (2000).
[12] Matter of Ness, 70 Wn. App. 817, 821, 855 P.2d 1191 (1993).

defendant of the nature of the offense need not 'always require a description of every element of the offense.'"[13]

CONCLUSION

We affirm.  The record shows Lee's plea was voluntary.

_Leach, J._

WE CONCUR:

_Chun, J._                    _Appelwick, J._

---

[13] State v. Keene, 95 Wn.2d 203, 207, 622 P.2d 622 (quoting Henderson v. Morgan, 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed.  2d 108 (1976)).