[No. 19340-3-III.   Division Three.   January 15, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH CLINTON COX, JR., *Appellant*.

*Robert J. Thompson*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *Paige L. Sully* and *David W. Corkrum, Deputies*, for respondent.

BROWN, J. — Joseph C. Cox, Jr., rejected a plea offer, then was found guilty of third degree assault as charged. His initial midrange sentence was later amended to add an overlooked mandatory community placement provision after the trial court received a Department of Corrections (DOC) letter regarding the oversight. In this unique appeal, Mr. Cox contends prejudice, arguing (A) he was denied effective assistance of counsel, and (B) the rule of lenity equitably applies to prevent community placement. We affirm.

## FACTS

Following an altercation on February 25, 2000, Mr. Cox was charged with third degree assault. Prior to trial, Mr.

Cox and the State engaged in plea negotiations. The State argued it offered fourth degree assault with a recommendation for time served. Although Mr. Cox agrees fourth degree assault was offered, he recollected a six-month offer. The parties agree community placement was never discussed, and allude to a mistake about a then recent change of law adding a 12-month community placement requirement in cases of third degree assault.

In May 2000, after Mr. Cox argued self-defense, he was convicted as charged. He was given a midrange, 14-month sentence without community placement. Mr. Cox immediately appealed. While the appeal was pending, the DOC wrote the trial court specifying the community placement requirement.

In July 2000, both counsel argued the trial court had discretion in the matter. Additionally, defense counsel explained he never discussed community placement with Mr. Cox, and urged equitable lenity prevented amendment. After discussing whether it had discretion or authority to amend the sentence, the trial court declined to add community placement.

In November 2000, apparently reconsidering its July order, the trial court conducted another sentencing hearing. Mr. Cox then informed the court he would not have gone to trial if he had known of the community placement requirement. The court determined community placement was not discretionary, but mandatory under former RCW 9.94A-.120(9)(a)(ii) (1999), and imposed a one-year community placement term.

## ANALYSIS

The broad issue is whether the trial court erred in November 2000 by amending Mr. Cox's May 2000 sentence by adding a mandatory community placement provision overlooked by the parties and the court at the first sentencing. We note although Mr. Cox failed to amend his original

notice of appeal to include the community placement issues arising from the later amended sentence, the State has proceeded on the merits. We likewise proceed as though a proper motion had been made, treating the potential objection as waived and preferring a resolution on the merits. *See* RAP 7.2(e).

## A. Ineffective Assistance of Counsel

■ ■ First, Mr. Cox argues ineffective assistance of counsel due to his counsel's failure to advise him regarding mandatory community placement as a sentencing requirement during his plea negotiations. To show ineffective assistance of counsel, the defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume proper representation, and deficient performance "is not shown by matters that go to trial strategy or tactics." *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996).

While the risk calculation and reduction process may be viewed as inherently strategic and tactical during the plea bargaining process, we have held "failure to advise [a defendant] of the available options and possible consequences [during plea bargaining] constitutes ineffective assistance of counsel." *In re Pers. Restraint of McCready*, 100 Wn. App. 259, 263-64, 996 P.2d 658 (2000). For two reasons, this case is different from *McCready*.

■ First, community placement does not directly impact the time served by Mr. Cox, as was the case for Mr. McCready, who necessarily served consecutive time for a firearm enhancement. This is true even though Mr. Cox argues the DOC did not release him earlier because he did not have a community address. Second, at this point, this matter is technically moot because Mr. Cox has been released from custody, leaving merely community placement. However, because this is a public matter, an authoritative disposition is desirable for public officers, and the

issue is likely to reoccur, we proceed. *Fusato v. Wash. Interscholastic Activities Ass'n*, 93 Wn. App. 762, 766, 970 P.2d 774 (1999) (discussing rules for mootness). Now, we assume error to facilitate our discussion and because the lack of prejudice is, in any event, dispositive.

■ Mr. Cox concedes under former RCW 9.94A-.120(9)(a)(ii) (1999), as the State now argues, the one year of community placement was mandatory when he was first sentenced. We accept the concession because third degree assault is a crime against a person and came within former RCW 9.94A.440(2) (1999). *See State v. Knighten*, 109 Wn.2d 896, 901-02, 748 P.2d 1118 (1988) (court not bound by erroneous concession). Now, counsel for Mr. Cox without discussing prejudice merely cites *McCready* and argues he overlooked former RCW 9.94A.440(2) (1999) and failed to advise Mr. Cox of its impact during plea negotiations. Based upon this omission, counsel asserts his client's plea was the same as involuntary. As noted, *McCready* is distinguishable.

In our context, prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In hindsight, Mr. Cox merely argues he was prejudiced because he *would* have accepted the State's plea offer if he knew of the community placement requirement. As next explained, his bare assertion that the outcome would have been different is insufficient to establish the necessary prejudice.

Here, after having served his institutional sentence at the DOC, Mr. Cox invites us to speculate about why he rejected the plea offer. Offering his self-serving statement is too tenuous a basis for us to decide prejudice resulted from the type of deficiency alleged by Mr. Cox. Accepting such an argument could easily "lead to an unchecked flow of easily fabricated claims." *In re Alvernaz*, 2 Cal. 4th 924, 938, 830 P.2d 747, 756, 8 Cal. Rptr. 2d 713 (1992). The *Alvernaz*

court considered a claim of ineffective counsel and prejudice in a nearly exact context as here:

> In this context, a defendant's self-serving statement—after trial, conviction, and sentence—that with competent advice he or she *would* have accepted a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence. A contrary holding would lead to an unchecked flow of easily fabricated claims.

*Id.*

Moreover, as he is not in custody any longer, asserting additional facts outside our record as though this was a personal restraint petition, like in Mr. McCready's case, is pointless. *See State v. McFarland*, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995) (personal restraint petition by one in custody is means of introducing matters outside record on appeal). However, as noted above, because we could find no Washington case on point, discussion is merited even though moot.

Finally, community placement was mandatory; it was not the product of counsel's actions or a matter of discretion, as originally argued to the trial court. As noted in the record, the DOC commonly advises trial courts of overlooked community placement provisions in furtherance of routine sentencing corrections. Moreover, community placement was not a direct consequence of choosing to go to trial. For example, Mr. Cox may have been acquitted or even found guilty of a lesser offense to which community placement does not apply. Additionally, his ineffective assistance argument was largely rejected in *State v. Acevedo*, 137 Wn.2d 179, 204, 970 P.2d 299 (1999).

## B. Lenity

■ Mr. Cox argues equity, through the lenity rule, protects him from the imposition of community placement. His entire argument is found in one sentence: "The Appellant believes that the Rule of Lenity provides that in situations

where equity deems fairness, the Court can give specific performance to the agreement or understanding of the parties." Appellant's Br. at 3. However, the lenity rule is a rule of statutory construction; thus, it is approached as a matter of law, used to resolve ambiguities in criminal statutes in a defendant's favor. *State v. Van Woerden*, 93 Wn. App. 110, 116, 967 P.2d 14 (1998), *review denied*, 137 Wn.2d 1039 (1999). It is not, as argued by Mr. Cox, an equitable proposition or applicable here.

■ Moreover, RAP 10.3(a)(5) requires parties to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). The purpose of the rule and related rules "is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority." *Hurlbert v. Gordon*, 64 Wn. App. 386, 400, 824 P.2d 1238 (1992). Mr. Cox has failed to provide more than a single sentence in his brief, and that without legal authority. We are not required to construct an argument on behalf of appellants. *State v. Wheaton*, 121 Wn.2d 347, 365, 850 P.2d 507 (1993). Therefore, we additionally treat this issue, if any, as waived.

## CONCLUSION

The trial court did not err by responding to the Department of Corrections' request to amend Mr. Cox's sentence to reflect the mandatory community placement term. Under these facts, Mr. Cox has not established grounds for an ineffective assistance of counsel claim, a claim in equity, or for the application of the rule of lenity.

Affirmed.

KURTZ, C.J., and SWEENEY, J., concur.