IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56978-7-II |
| Respondent, | |
| v. | |
| GARNETT LYNN WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Garnett L. Williams appeals his sentence imposed following a resentencing hearing. Williams argues that the superior court failed to consider his request for an exceptional sentence below the standard sentencing range. For the first time on appeal, Williams also challenges the restitution order. We affirm.

FACTS

In 2008, Williams was found guilty of first degree assault and first degree unlawful possession of a firearm following a bench trial. The trial court entered written findings of fact finding that Williams shot John Hall three times. After a brief verbal exchange between Williams and Hall, Hall turned and walked away. While Hall was walking away, Williams shot him twice in the back and once in the wrist while he was lying on the ground trying to shield his face.

Williams' criminal history included three first degree robbery convictions, two second degree robbery convictions, and an unlawful possession of a controlled substance (UPCS) conviction. The trial court sentenced Williams to 360 months' confinement.

In January 2009, the trial court entered an order setting restitution in the amount of $28,000 to be paid to the Department of Social and Health Services for medical services provided to Hall for his injuries.

Williams appealed his sentence, and this court reversed his sentence and remanded for resentencing because Williams' offender score contained two robbery convictions that had been reversed and, ultimately, dismissed. *State v. Williams*, noted at 152 Wn. App. 1033, 2009 WL 3089066, at *3.

In 2010, Williams was resentenced with a corrected offender score. The superior court imposed 318 months' confinement.

In 2022, we granted Williams personal restraint petition based on *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). *In re Pers. Restraint of Williams*, No. 56508-1-II, slip op. at 1 (Wash. Ct. App. Jan. 25, 2022) (unpublished).[1] We remanded for resentencing because the State conceded that Williams was entitled to be resentenced with the UPCS conviction removed from his offender score. *Id*.

On resentencing, Williams filed a pro se brief and requested that the superior court impose an exceptional sentence downward based on the victim provoking the incident. RCW 9.94A.535(1)(a). At the resentencing hearing, Williams renewed his request for the superior court to impose an exceptional sentence downward based on Williams' claim that the victim provoked the incident. The superior court determined that there were no facts that would support imposing an exceptional sentence below the standard range:

> Well, I just reviewed the findings of fact, conclusions of law from the bench trial, and Judge Larkin, who used to be actually a law partner of mine, he's now deceased, is certainly one who was known for being a very lenient person. He was involved

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2056508-1-II%20Unpublished%20Opinion.pdf

in drug court. He believed in rehabilitation and drug treatment and the ability of people to turn their lives around. He was always a very positive individual, but he also sentenced you to 270 months in this case, and I think that was reflected in the facts of the case, and I can't undo the facts. I can't go back and make my own independent evaluation, make my own findings and conclusions by reviewing the trial record. I'm bound by the findings and conclusions that were done at the time of the trial, and based upon that, I don't find a basis to grant an exceptional sentence downward.

That certainly could have been argued at the time of the sentencing, and most appropriately that's when it would have been argued, and the Court could have made a finding that for some reason the victim in the case was the initial aggressor and was a subsequent or substantial partner or participant in the offense at hand that led to the shooting.

Verbatim Rep. of Proc. (VRP) at 24-25.

The superior court removed the unlawful possession of a controlled substance conviction but added a recent conviction which resulted in Williams' offender score remaining the same. The superior court also corrected an error in the previous judgment and sentence which incorrectly calculated the total time of confinement. The superior court then imposed a total of 330 months' confinement.

Williams appeals.

ANALYSIS

Williams argues that the superior court erred by refusing to consider his request for an exceptional sentence. Williams also challenges the 2009 restitution order.

A.  EXCEPTIONAL SENTENCE REQUEST

Generally, a sentence within the standard sentencing range may not be appealed. RCW 9.94A.585(1). However, "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision." *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

When a defendant requests an exceptional sentence below the standard sentencing range, the defendant is entitled to have that request actually considered. *Id*. "A trial court errs when 'it refuses categorically to impose an exceptional sentence below the standard range under any circumstances' or when it operates under the 'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" *Id.* (alteration in original) (quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998); *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

Here, Williams requested an exceptional sentence below the standard sentencing range based on RCW 9.94A.535(1)(a), which provides that it is a mitigating factor if "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." Williams challenges the superior court's rejection of his request for an exceptional sentence below the standard sentencing range based on his claim that the victim provoked the incident. Williams' challenge fails.

First, the superior court did not categorically refuse to impose an exceptional sentence below the standard range. The superior court reviewed all the findings of fact that were entered following Williams' bench trial and determined that the facts of the case did not support finding a mitigating factor.

Second, nothing in the record indicates that the superior court operated under the mistaken belief that it did not have the discretion to impose the exceptional sentence below the standard sentencing range. Instead, the record shows that the superior court understood that it did have the discretion to impose an exceptional sentence below the standard range by taking the time to review the findings of fact to determine whether they supported finding the mitigating circumstance.

4

Further, the superior court did not rule that it could not impose an exceptional sentence below the standard sentencing range; rather, the superior court clearly ruled that the facts of the case did not support the alleged mitigating circumstance or imposing an exceptional sentence below the standard sentencing range.[2]

The superior court considered Williams' request and determined that it was not supported by the facts that were proven at trial. Thus, the superior court did not err.

B.      2009 RESTITUTION ORDER

Williams also challenges the 2009 restitution order. Williams raises the challenge for the first time in this appeal.

Under RAP 2.5(a), this court may decline to consider an issue raised for the first time on appeal. Here, Williams had previously objected to other legal financial obligations that were imposed by the superior court, but Williams did not object to the restitution order. Further, Williams does not offer any exception to RAP 2.5(a) under which we may review this issue. *See State v. Cox*, 109 Wn. App. 937, 943, 38 P.3d 371 (2002) (when an appellant fails to provide argument or authority, "[w]e are not required to construct an argument on behalf of appellants"). Therefore, we decline to consider Williams' challenge to the restitution order.[3]

---

[2] Williams also asserts that the superior court denied his request for an exceptional sentence because of his relationship with the former sentencing judge. However, the record belies this assertion. Although the superior court made a passing reference to the former sentencing judge, the ruling clearly establishes that the superior court denied the request for an exceptional sentence because it was not supported by the facts.

[3] We note that even if we reach the merits, Williams' constitutional argument that the imposed restitution violates the excessive fines clause fails.

Williams argues that the restitution order violates the excessive fines clause because he is unable to pay. Although restitution is partially punitive and implicates the excessive fines clause, when the restitution amount is based on direct losses suffered by the victim the restitution award

CONCLUSION

The superior court did not fail to consider Williams' request for an exceptional sentence below the standard sentencing range, and we do not review Williams' challenge to the 2009 restitution order raised for the first time in this appeal. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, A.C.J.

Veljacic, J.

---

"is inherently proportional to the crime that caused the losses because the amount is linked to the culpability of the defendant and the extent of harm the defendant cause." *State v. Ramos*, 24 Wn. App. 2d 204, 230, 520 P.3d 65 (2022), *review denied*, 200 Wn.2d 1033 (2023). "A defendant's inability to compensate the victim for the losses he caused will not render the restitution amount grossly disproportional." *Id.* Because the amount of restitution was based on the amount that was paid for Hall's medical expenses, it does not violate the excessive fines clause. Also, Williams' argument that restitution was improper under the changes to RCW 3.66.120 fails because Title 3 RCW applies to courts of limited jurisdiction and not to the superior court.