**FILED**
**APRIL 9, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| CATHERINE BORGHES, | ) | |
| | ) | No. 41040-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICK FLUGSTAD, MD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Catherine Borghes appeals the trial court's order denying

reconsideration of its order granting Dr. Nicholas Flugstad's motion for summary

judgment. She contends the court erred by granting summary judgment dismissing her

claim because she has a cause of action for unjust enrichment arising from Flugstad's

alleged statutory violations. Flugstad responds that Borghes's opening brief is

insufficient to warrant this court's review and alternatively argues that her unjust

enrichment theory fails. We decline to review the merits of Borghes's argument and

affirm.

BACKGROUND

The following facts are noted as undisputed in the order granting summary

judgment and are not challenged on appeal.

Catherine Borghes sustained a workplace injury that deflated her right breast implant. She sought treatment from Flugstad. Flugstad presented Borghes multiple treatment options and she elected to undergo a "bilateral breast implant exchange and a bilateral mastopexy (breast lift)." Clerk's Papers (CP) at 285. Borghes understood that the procedure to replace her left breast implant and the bilateral mastopexy were considered "cosmetic" and unrelated to the injury. Borghes also understood that Flugstad did not accept insurance for elective cosmetic procedures and required upfront payment.

Borghes requested Flugstad submit her information to the Department of Labor and Industries (Department). She understood that coverage decisions were made only by the Department and there was a possibility it would decline coverage or cover only a portion of the procedure. Borghes agreed to accept responsibility for the uncovered amounts.

Flugstad's customary surgery fees were $8,950. Of this amount, repairing the right breast injury cost $2,350 and the remaining $6,600 was for the elective cosmetic portions of the procedure. Additionally, Flugstad charged a facility fee of $2,450 and an anesthesia fee of $1,615. The facility and anesthesia fees were "pass through" fees, which Flugstad collected and promptly remitted to the surgery center and anesthesia group. He retained no portion of those fees.

After the surgery was performed, the Department approved $3,027.18 for surgery

fees and sent payment for that amount to Flugstad. Flugstad's third-party biller processed

the payment and deducted a ten percent processing fee, resulting in a total reimbursement

to Borghes of $2,724.46. This reimbursement exceeded the surgery fees Borghes paid to

repair her right breast injury.

Borghes filed a lawsuit against Flugstad. The entirety of her allegations read:

"The surgery was done in a negligent manner, requiring repeat surgery." "Defendant also

overbilled Plaintiff for his care." CP at 1.

Flugstad moved for summary judgment. The parties stipulated to dismissal of the

medical malpractice claim and the court granted partial summary judgment accordingly.

Then, the parties continued discovery on the overbilling claim and each party was

deposed. Following the depositions, Flugstad moved again for summary judgment. The

court found that Borghes was not overbilled and had not suffered damages vis-à-vis

Flugstad because she was reimbursed more than Flugstad billed for her covered claim.

The court further noted that Borghes needed to pursue any allowable reimbursement of

the facility and anesthesia fees with those entities through the Department.

Borghes moved the trial court for reconsideration, arguing that Flugstad was not

entitled to summary judgment because "he failed to assist Plaintiff in obtaining

reimbursement of so-called 'pass through' fees, as required by [ch. 51.28(b) RCW]." CP

at 296. The court denied reconsideration. It explained that Borghes had not previously

raised a claim alleging Flugstad violated a statutory duty; thus, it was not an issue addressed by the court in its summary judgment order. Moreover, the court noted, Borghes had not pleaded such a claim in her complaint—she pleaded only negligence and overbilling.

Borghes appeals.

ANALYSIS

Borghes contends the trial court erred by dismissing her claim on summary judgment because she has a valid cause of action against Flugstad for unjust enrichment. Borghes argues Flugstad was unjustly enriched by failing his statutory duty under RCW 51.28.020(1)(b) to assist her in getting reimbursement from the Department and by levying a billing charge in violation of WAC 296-20-010(7).

We conclude that multiple procedural deficiencies preclude our review.

First, Borghes's opening brief is wholly insufficient to warrant this court's review. An appellant's brief should contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). These rules enable the appellate court and opposing counsel to efficiently and expeditiously review the accuracy of the factual statements and the relevant legal authority. *State v. Cox*, 109 Wn. App. 937, 943, 38 P.3d 371 (2002). We will not consider an argument unsupported by citations to authority or to the record, or otherwise inadequately briefed. RAP 10.3(a); *State v. Wheaton*, 121 Wn.2d 347, 365,

850 P.2d 507 (1993) ("Our affirmance of the trial court is premised upon an inadequate record and inadequate argument to permit review of the issue."). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit appellate review." *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015).

Here, the argument section of Borghes's opening brief contains one block quote from the Revised Code of Washington (RCW), one block quote from the Washington Administrative Code (WAC), and three conclusory sentences reiterating her allegations. She cites a single case to support the third sentence which enumerates the elements of unjust enrichment and summarily states that Flugstad was unjustly enriched. Borghes's argument fails to cite the record and makes no attempt to apply the scant law presented to the facts of this case.

Second, Borghes appeals from the order denying reconsideration—not the order granting summary judgment—but neither party discusses the order denying reconsideration on appeal. Typically, when an appellant designates only the reconsideration order on appeal, this court nevertheless reviews the summary judgment order under RAP 2.4(b) because a trial court cannot rule on a motion to reopen summary judgment without considering the underlying summary judgment order. *See Hood v. City of Vancouver*, 33 Wn. App. 2d 799, 564 P.3d 1009 (2025). However, this case presents a slightly different situation.

Here, the court did not look to its underlying summary judgment order to rule on reconsideration, nor did it consider the merits of Borghes's argument. Instead, it explained that Borghes's motion for reconsideration was premised on a new allegation that Flugstad violated a statutory duty—an issue not addressed by the court in its summary judgment order. Moreover, Borghes had not pleaded such a claim—she pleaded only negligence and overbilling. Thus, the court was not required to evaluate its earlier findings to rule on reconsideration; and Borghes does not attempt to rebut the court's reasons for denying reconsideration now on appeal.

Finally, we "will not consider issues raised for the first time on appeal." *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007); RAP 2.5(a). Borghes states the court erred by granting Flugstad's motion for summary judgment; however, she frames her issues as a question of whether she has a cause of action for unjust enrichment arising from Flugstad's alleged violation of RCW 51.28.020(1)(b) and/or WAC 296-20-010(7). But Borghes did not plead a cause of action for unjust enrichment in her complaint; and although the parties discussed a theory of unjust enrichment at various points of litigation, the claim was never pleaded, and the court made no conclusions as to unjust enrichment in its order on summary judgment. Because the issue was not raised below, we decline to review it on appeal.

Given the myriad obstacles thwarting review, this court will not evaluate whether

Flugstad violated the referenced RCW or WAC, nor will we comment on the efficacy of

Borghes's unjust enrichment theory.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
                            Staab, C.J.

WE CONCUR:

_____
        Hill, J.

_____
        Cooney, J.